UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NICHOLAS ALSTON,                    )
                                    )
                Petitioner,         )
                                    )
        v.                          )        No. 2:16-cv-00016-JMS-DLP
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )

**Order Granting Motion for Relief from Judgment, Granting Motion for Relief Pursuant to
28 U.S.C. § 2255, and Directing Resentencing**

Petitioner Nicholas Alston brought this motion for relief pursuant to 28 U.S.C. § 2255 challenging the enhancement of his sentence. The Court previously denied his motion for relief, but then vacated that ruling to permit him to present an argument under *Mathis v. United States*, 136 S. Ct. 2243 (2016). After considering Mr. Alston's *Mathis* argument, the Court once again denied his § 2255 motion. Mr. Alston seeks relief from that ruling.

### I. Standard

Final judgment issued in this action on March 27, 2020. Mr. Alston's motion for relief from judgment was filed 28 days later, on April 24, 2020. Accordingly, although the parties treat Mr. Alston's motion has having been brought under Rule 60(b) of the *Federal Rules of Civil Procedure*, based on its timing, the motion must be treated as a motion to amend judgment pursuant to Rule 59(e). *See Carter v. City of Alton*, 922 F.3d 824, 826 n. 1 (7th Cir. 2019).

Rule 59(e) allows a court to amend a judgment if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district

court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted).

## II. Discussion

In his § 2255 motion, Mr. Alston argued that his sentence was wrongly enhanced under 18 U.S.C. §924(e)(1), the Armed Career Criminal Act ("ACCA"), based on previous convictions for dealing cocaine under Indiana law.

The ACCA provides that any defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or a serious drug offense (or both) is subject to a fifteen-year mandatory sentence. 18 U.S.C. § 924(e)(1). The statute defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §924(e)(2)(A)(ii). The Supreme Court held in *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016), that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense."

In support of his Amended § 2255 motion, Mr. Alston contended that he was entitled to relief because his convictions did not constitute separate offenses for purposes of the ACCA and that the evidence related to two of his convictions showed that he was merely present at the time of the offense and do not show that he took affirmative steps toward the commission of the crime. The Court rejected both arguments, finding that he had already litigated and lost the separate-offense argument and that his convictions for dealing cocaine constituted serious drug offenses for purposes of the ACCA. Dkt. 63, p. 5-7. In support of his motion for reconsideration, Mr. Alston

2

argues that his cocaine convictions do not qualify as "serious drug offenses" because Indiana's definition of cocaine is broader than the federal definition. The respondent contends that any difference between federal law and state law is inconsequential and irrelevant because no positional isomers of cocaine exist in the drug trade. Given recent caselaw, the Court now concludes that Mr. Alston's Indiana cocaine convictions are not serious drug offenses for the purposes of the ACCA.

The Seventh Circuit recently considered a similar challenge to a sentence enhancement under 21 U.S.C. § 841(b)(1)(C) for dealing cocaine under Illinois law. *See United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020). Section 841(b)(1)(C) provides enhanced penalties if a person has been convicted for a prior "felony drug offense." The ACCA and § 841 refer to the Controlled Substances Act for the applicable drug definitions. To determine whether the defendant's Illinois conviction for dealing cocaine was a predicate felony drug offense, the *Ruth* court therefore compared the definition of cocaine under Illinois law with the federal definition. 966 F.3d at 647. Illinois's schedule of controlled substances defines cocaine as:

> Coca leaves and any salt, compound, isomer, salt of an isomer, derivative, or preparation of coca leaves including cocaine or ecgonine, and any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions of coca leaves which do not contain cocaine or ecgonine (for the purpose of this paragraph, the term "isomer" includes optical, positional and geometric isomers)[.]

*Id.* (quoting 720 ILCS 570/206(b)(4)). The Seventh Circuit noted that Illinois's definition of cocaine includes optical, positional, and geometric isomers, but under federal law, cocaine is defined to include only its "optical and geometric isomers." *Id.* (citing 21 U.S.C. § 812, Schedule II(a)(4); § 802(14)). The Court concluded therefore that, "[o]n its face… the Illinois statute is categorically broader than the federal definition." *Id.* The Court went on to reject the government's

argument that no positional isomers of cocaine exist in the drug trade, explaining that the government "cannot avoid the inescapable conclusion that the plain language of the state statute categorically covers a larger swatch of conduct than its federal counterpart." *Id.* at 648.

The same is true here. The Indiana definition of cocaine includes "coca leaves and any salt, compound, or derivative of coca leaves, and any salt, compound, isomer, derivative, or preparation which is chemically equivalent or identical to any of these substances." *See* Ind. Code §35-48-1-7 (2004). The term "isomer" as used in Indiana law has been held to include optical, positional, and geometric isomers. *Del La Torre,* 940 F.3d 938, 951 (7th Cir. 2019). Because Indiana law includes positional isomers in its definition of cocaine, like the Illinois statute, it reaches broader than federal law. Accordingly, pursuant to *Mathis*, Mr. Alston's sentence should not have been enhanced under the ACCA based on his Indiana convictions for dealing in cocaine.[1]

### III. Conclusion

Mr. Alston has shown that the enhancement of his sentence under the ACCA based on his prior Indiana convictions for dealing cocaine was improper in light of *Mathis*. Accordingly, his motion to reconsider, dkt. [65], is **granted**.

Consistent with this ruling, Mr. Alston's motion for relief pursuant to 28 U.S.C. § 2255 is now **granted**. Mr. Alston is entitled to resentencing. An amended judgment vacating Mr. Alston's sentence in No. 2:12-cr-00025-JMS-CMM-1 shall enter. The motion to vacate in that case, dkt. [45], is now **granted** and the **clerk shall docket** a copy of this Order in No. 2:12-cr-00025-JMS-CMM-1.

---

[1] The Court notes that the respondent argues that Mr. Alston cannot raise this argument in his post-judgment motion because he had ample opportunity to raise it during the pendency of his § 2255 motion. But, because the law governing Mr. Alston's claim is evolving rapidly, Court deems it appropriate to decide Mr. Alston's claim on the merits.

Mr. Alston's convictions remain intact. Mr. Alston shall remain in custody pending resentencing.

Because the Court has found that Mr. Alston's ACCA enhancement is invalid under *Mathis*, it need not consider his renewed argument that his cocaine offenses were not separate offenses. Accordingly, his motion to expand the record, dkt. [66], is **denied as moot**.

**IT IS SO ORDERED.**

Date: 1/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov